
*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2026

| | |
|---|---|
| Robert Conway\* v.  Bobbi Jo Belden & Kevin Keefe | }  APPEALED FROM:<br>}<br>}<br>}  Superior Court, Rutland Unit,<br>}  Civil Division<br>}  CASE NO. 22-CV-03980<br>}  Trial Judge: Alexander N. Burke |

In the above-entitled cause, the Clerk will enter:

Plaintiff Robert Conway, self-represented, appeals following the civil division's denial of his motions to hold defendant Bobbi Jo Belden in contempt of a June 2024 court order and to extend a deadline in that order for the collection of plaintiff's belongings.[\*]  We affirm.

This case has a somewhat lengthy procedural background, and we recount here only those portions relevant to the issues raised in the instant appeal.  The broader case history is detailed in our decision on plaintiff's appeal from the civil division's denial of his first motion for contempt.  See Conway v. Belden, No. 25-AP-007, 2025 WL 1913216, at \*1-2 (Vt. July 11, 2025) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo25-007.pdf.

The record reflects the following.  Plaintiff's November 2022 complaint raised claims in connection with his April 2022 sale of a Castleton property to defendants.  Defendants filed counterclaims against plaintiff arising from the same real-estate transaction.  Among other things, plaintiff sought a declaratory judgment that he had the right, pursuant to an agreement between the parties, to access certain personal belongings that allegedly remained on the property for a period of time following the sale.

In June 2024, following a bench trial, the court issued a judgment order resolving all claims and counterclaims.  As relevant here, the order provided:

---

[\*]  It is not clear from plaintiff's motion whether he also sought an order holding defendant Kevin Keefe in contempt.  It appears to be undisputed, however, that defendant Keefe passed away at some point prior to the motion hearing.  In this decision, "defendant" refers to defendant Belden.

> [T]he personal property in the garage on the property that was owned by plaintiff at the time of closing, remains plaintiff's. He has until April 29, 2025, to remove such property from the garage, after which the property shall become defendants' property. Plaintiff shall be given reasonable access to the garage for the purpose of re-possessing his personal property located there.

No party timely appealed, and the decision became final in August 2024.

In November 2024, plaintiff moved to hold defendants in civil contempt, alleging that they prevented him from repossessing his property as required under the June 2024 order. The court held a hearing on the motion and, the following month, issued an order denying plaintiff's motion. On the day the order issued, defendant in turn moved to hold plaintiff in contempt of the final judgment order. Plaintiff then appealed the denial of his motion to this Court, and the trial court held defendant's motion in abeyance pending resolution of the appeal.

In March 2025, while the appeal remained pending, plaintiff filed his second contempt motion. He again alleged that he was denied access to the garage to collect his belongings and also argued that defendant violated the order by removing some of his belongings from the garage. In addition, plaintiff moved for an extension of the upcoming April 2025 deadline for him to collect his property from the garage. The trial court issued an order indicating that this motion, too, would be stayed until the issuance of our decision on appeal.

In July 2025, we issued an order affirming the court's denial of plaintiff's first contempt motion. Conway v. Belden, No. 25-AP-007, 2025 WL 1913216, at *2. The trial court subsequently set the pending motions for a hearing in August 2025.

Plaintiff and defendant both appeared and represented themselves at the hearing. After taking testimony from both parties, the court issued the following findings and conclusions on the record. It made its findings by the standard of clear and convincing evidence.

With respect to plaintiff's argument that defendant removed property belonging to plaintiff from the garage and placed it elsewhere on the property, the court found that to the extent this occurred, it happened prior to the issuance of the June 2024 order. As a result, it was not a basis to find defendant in contempt of that order.

As to plaintiff's contention that defendant denied him access to the garage, the court found that plaintiff established that he requested access in March 2025, and defendant declined to allow this because of the ongoing appeal. It noted, however, that the parties offered conflicting testimony as to whether any of plaintiff's belongings remained in the garage at the time of the request. The court found that plaintiff failed to meet his burden of proof on this point. Because the June 2024 order required defendant to grant plaintiff access to the property for the purpose of repossessing his belongings, plaintiff's failure to demonstrate that he had belongings remaining in the garage at the time of his March 2025 request precluded a finding that defendant violated the order.

The court also denied plaintiff's motion for an extension of the deadline to retrieve his belongings from the garage. It further denied defendant's motion to hold plaintiff in contempt. This appeal followed.

2

Plaintiff's arguments on appeal are somewhat difficult to parse. Certain references in his brief—including his discussion of the court's conclusion with respect to the validity of a promissory note—appear to implicate issues that were decided in the June 2024 order. To the extent plaintiff seeks to collaterally attack that final order, he cannot do so in this appeal. See Socony Mobil Oil Co. v. N. Oil Co., 126 Vt. 160, 164 (1966) ("[A] contempt proceeding based on the violation of a court order does not open to reconsideration the legal or actual basis of the order so as to result in a retrial of the original controversy."). With this understanding, we turn to those arguments within the scope of our review: plaintiff's challenges to the court's August 2025 rulings on his post-judgment motions.

Plaintiff's contentions revolve primarily around the order denying his motion for contempt. He does not appear to raise any specific challenge to the trial court's denial of his request to extend the deadline to collect property from the garage.

Civil contempt is a coercive measure which the trial court may, in its discretion, employ as a means to compel a party's compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.); see In re C.W., 169 Vt. 512, 517-18 (1999) ("[A] civil contempt is one which operates mainly to deprive another party to a suit of some right, benefit, or remedy to which he is entitled under an order of the court."). The moving party bears the burden of proving civil contempt by clear and convincing evidence. Kneebinding, Inc. v. Howell, 2018 VT 101, ¶ 68, 208 Vt. 578. We review the trial court's findings for clear error, and therefore will uphold the findings where supported by substantial evidence in the record, even if contradicted by other credible evidence. Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 147 (1992). "Once the trial court has made its findings of fact, and in its discretion entered a judgment of contempt, we will not disturb the judgment unless the court's discretion was entirely withheld or was exercised on grounds clearly untenable." Id. at 146-47 (quotation omitted).

Insofar as plaintiff asserts that he has belongings remaining in the garage, he appears to be challenging the court's finding that he failed to demonstrate he had personal property remaining in the garage at the time defendant denied his March 2025 request for access. Plaintiff has not demonstrated clear error. The parties offered conflicting evidence on this point and, as the court noted, plaintiff bore the burden of proof by clear and convincing evidence. See In re E.T., 2004 VT 111, ¶ 12, 177 Vt. 405 (observing that clear-and-convincing evidence is a "very demanding" standard which "require[s] that the fact's existence be highly probable" (quotations omitted)). On appeal, "[w]e rely on the factfinder's assessment of the credibility of the witnesses and its weighing of the evidence." Vt. Women's Health Ctr., 159 Vt. at 147. Though plaintiff may contend that the court should have credited his testimony over defendant's or weighed the evidence differently, its finding was supported by the evidence and therefore must stand.

Nor has plaintiff demonstrated that the court abused its discretion in declining to find defendant in contempt. Provided there is a "reasonable basis" for the trial court's discretionary decision to deny plaintiff's motion for contempt, "this Court will not interfere." Obolensky v. Trombley, 2015 VT 34, ¶ 42, 198 Vt. 401. In this case, the trial court clearly articulated reasonable bases for its denial: any removal of plaintiff's property from the garage was not grounds to find defendant in contempt of the June 2024 order because it occurred before that order issued; and because the June 2024 order required defendant to allow plaintiff access to the garage solely for the purpose of repossessing his belongings, plaintiff's failure to show that he

had belongings remaining in the garage at the time defendant denied his request for access was fatal to any finding of contempt on that basis.

We have addressed all arguments discernable in plaintiff's brief and conclude that they are without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Michael P. Drescher, Associate Justice

4